HEZEKIAH PECK, *Appellant, v.* WILLIAM H. LEWIS, *Respondent.*— Order appealed from affirmed, with ten dollars costs and disbursements.

LEWIS J. GODDARD, *Receiver, etc., Appellant, v.* STEPHEN STILES and others, *Respondents.*— Order appealed from affirmed, with ten dollars costs and disbursements. SMITH, P. J., not participating in the decision.

JOSEPH TUTTLE, *Respondent, v.* THOMAS J. REED, *Appellant.*— Order appealed from affirmed, with ten dollars costs and disbursements.

ISAAC PFORZHEIMER and others, *Appellants, v.* MARTIN BRIGGS and others, *Respondents.*— Order appealed from reversed, with ten dollars costs and disbursements. *Held,* that the complaint contains sufficient averments to constitute a cause of action for the recovery of the possession of personal property. If the complaint contains inconsistent averments respecting the possession of the property, it may be made more definite and certain on motion.

WILLIS S. NELSON, *Respondent, v.* DANIEL NEIL, *Appellant.*— Motion for re-argument or for leave to appeal to Court of Appeals denied, with costs.

HENRY SHELDON and another, *Respondents, v.* HENRY CLEWS, *Impleaded, etc., Appellant.*— Ordered that the case be submitted to the justice who tried the case, for re-settlement.

JAMES W. FITZGERALD, *Appellant, v.* JAMES FITZGERALD, *Respondent.*— Motion to dismiss appeal granted, unless appellant serves printed papers as required by the rule, within thirty days, and in case papers are so served, motion denied. No costs to either party.

WILLIAM STUCKEY, *Respondent, v.* GEORGE MATHES, *as Committee, etc.,* and another, *Appellants.*— Motion for re-argument or for leave to appeal to the Court of Appeals denied, with ten dollars costs.

CARL BUSCH, *Appellant, v.* THE BUFFALO CREEK RAILROAD COMPANY, *Respondent.*— Order appealed from reversed. *Held,* that there being evidence in the case from which the jury might have found that the defendant's employees who were operating the train knew that the switch was open and that there were men at work upon the standing cars, and the presumption being that the jury so found, the alleged newly discovered evidence that the switch had been closed, four hours previous to the accident, is immaterial, in view of the facts so found. HAIGHT, J., not sitting.

THE ROCHESTER SAVINGS BANK, *Respondent, v.* CHARLES WIETZ and others, *Appellants.*— Order of Special Term affirmed, with ten dollars costs and disbursements.

JOHN NELSON, *Plaintiff in Error, v.* THE PEOPLE OF THE STATE OF NEW YORK, *Defendant in Error.*— Judgment and conviction